IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY EDMOND HAYWORTH                                                                                    PLAINTIFF

v.                                              Civil No. 4:18-cv-04152

MR. WHITE, Intake Officer SWACCC;
MRS. FIGUERRO, Sergeant SWACCC;
MRS. MAXWELL, Warden SWACCC;
and MR. EWING, Mailroom Supervisor SWACCC                                          DEFENDANTS

## ORDER

This is a civil rights action filed *pro se* by Plaintiff, Roy Edmond Hayworth, under 42 U.S.C. § 1983. Before the Court is Plaintiff's failure to obey a Court order.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 26, 2018, in the Eastern District of Arkansas. (ECF No. 2). On November 2, 2018, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 5). The same day, the Court entered an order granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") and directing Plaintiff to file an Amended Complaint by November 26, 2018. (ECF No. 7). The order stated that failure to file an Amended Complaint by the Court's imposed deadline would result in the case being dismissed without prejudice. The order was mailed to Plaintiff at the address listed in his IFP application: Southwest Arkansas Community Corrections, 506 Walnut Street, Texarkana, Arkansas 71854. (ECF No. 1). On November 15, 2018, the order sent to Plaintiff was returned as undeliverable. (ECF No. 9). The same day, the Clerk resent the Court's order to Plaintiff at 12396 Cavewood Road, Rogers, Arkansas 72756, which was the address listed in his Complaint. (ECF No. 2, p. 3). To date, the Court's order has not been returned as undeliverable and more than thirty (30) days have passed since the order was mailed to Plaintiff. Plaintiff has not filed an Amended Complaint

1

as directed.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 18th day of January, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge
